In the Matter of the Application of the STATE COMMISSION OF PRISONS, Appellant, with Regard to the Construction and Improvement of the County Jails Situated at Rome and Utica in Oneida County.

BOARD OF SUPERVISORS OF ONEIDA COUNTY and Others, Respondents.

Fourth Department, January 16, 1918.

Prisons — application by Prison Commission to compel board of supervisors to place lavatory and water closet in each cell of county jails.

Where the State Prison Commission upon approving plans submitted by a board of supervisors for the improvement of county jails imposed a condition that a separate lavatory and water closet be installed in each cell, but the board let the contract ignoring said condition, and at about the time of the commencement of the work the State Commission applied under section 52 of the Prison Law for an order to compel the board to conform to the condition imposed, which application was denied, but no restraining order was obtained or applied for by the Commission and the improvements have been completed, and it appears that the jails in question are to be used as detention jails only, and that in the men's department in each jail, no criticism having been made of the women's

departments, there are provided four water closets and eight shower baths, the order of the Special Term denying the application of the Prison Commission should be affirmed.

APPEAL by the State Commission of Prisons from an order of the Supreme Court, made at the Herkimer Special Term and entered in the office of the clerk of the county of Oneida on the 17th day of September, 1917, denying its application to compel the board of supervisors to place a lavatory and water closet in each cell of two jails of Oneida county.

*Merton E. Lewis, Attorney-General* [*Edward G. Griffin, Deputy Attorney-General,* of counsel], for the appellant.

*Harry N. Harrington,* for the respondents.

PER CURIAM:

Oneida county now has a jail farm upon which buildings are to be constructed where term prisoners are to be kept. The county also has two jails, one in the city of Utica and one in the city of Rome. These jails were built many years ago. There have just been completed in these jails considerable improvements at a large cost to the taxpayers. The board of supervisors caused the plans for such improvements to be submitted to the State Prison Commission for its approval before awarding the contract for the work of such improvements. The Commission approved the plans except that it imposed a condition that a separate lavatory and water closet should be installed in each cell. The board of supervisors let the contract, however, ignoring this condition. At about the time the work under the contract began, the State Commission applied to the Supreme Court, at Special Term, for an order to compel the board of supervisors to conform to such condition as to the cells. A hearing was had upon such application, resulting in the order under review, granted pursuant to section 52 of the Prison Law (Consol. Laws, chap. 43; Laws of 1909, chap. 47). This hearing took place on the 9th of June, 1917, and thereupon additional affidavits were permitted to be submitted and the order appealed from was not made and entered until the 17th day of September, 1917. No restraining order was obtained

or applied for by the State Commission and the work of the improvements has gone on to completion.

The record shows that as soon as the jail farm is equipped, the two jails are to be used as detention jails only. No criticism seems to have been made of the women's departments in these jails which are equipped with lavatories, water closets and bathtubs. In the men's department in each jail there are provided four water closets and eight shower baths. It also appears that many of the prisoners have the freedom of the corridors daytimes and the ventilation of the jails and their sanitary condition are not criticised, except in the respect that each cell is not equipped with a lavatory and water closet.

In view of the peculiar circumstances of this matter, and disclaiming any intention on the part of this court to undertake the administration of the Prison Law, we do not think we should disturb the conclusion reached by the Special Term. If we had been called upon to act before the work of improvement had been entered upon, quite a different question would have been presented.

It follows that the order appealed from should be affirmed, but without costs.

All concurred.

Order affirmed, without costs.